Opinion
COLE, P. J.
After his conviction by a jury of possession of a controlled substance in violation of Health and Safety Code section 11377, defendant filed this appeal. The error complained about is the trial court’s pretrial denial of his motion to suppress evidence pursuant to Penal Code section 1538.5.
*Supp. 3 An officer testified that he and his partner stopped defendant’s vehicle because it lacked license plates. Defendant concedes that this was a valid reason for stopping his vehicle. The vehicle itself was of an unusual nature. It was described by the officer as “a Volkswagen bug or small sedan, which is converted into a camper on the rear.” There were two doors, like camper doors, one on each side of the vehicle and “set behind” the driver’s seat. To get out of the vehicle the driver had to get out of his seat, stand up and step back to the door.
As soon as the officer stopped the vehicle he asked the defendant to get out. The vehicle construction had something to do with his decision. One reason for asking defendant to leave the vehicle was that the officer could not talk to him very well from the position he was in. If the driver had opened his window the officer would have been able to talk to him, but it was also dangerous to the officer to be in the street because the vehicle was a lot wider than a normal vehicle.[1] At issue on this appeal is the propriety of the officer’s request that defendant get out of the car.
As soon as defendant reached the sidewalk the officer asked for identification and defendant produced a driver’s license. The officer then asked if defendant had registration and plates for the car, and if it was his. The defendant replied that the car was his, and that the plates were in the car. He pointed towards a bed which was behind the two front seats in the vehicle. The officer asked permission to enter and to retrieve the plates and defendant said “Yeah.”
Once inside the vehicle, and while looking for the plates the officer saw marijuana cigarettes, partially smoked, in an open ash tray. He smelled mint leaves, which suggested to him a contraband substance *Supp. 4 commonly called PCP, or “angel dust.” Defendant was then arrested. Further search disclosed additional marijuana and the license plates.[2]
The only contention on appeal which needs to be discussed in detail is the propriety of ordering defendant out of the vehicle. (See fn. 2, ante.) We believe that the officer acted properly since it was a reasonably necessaiy step to insure his own physical safety, given the width of defendant’s vehicle and the danger to the officer from passing street traffic. Our attention has not been called to a case with precisely comparable facts. People v. Figueroa (1969) 268 Cal.App.2d 721 [74 Cal.Rptr. 74], however, lights our way. In Figueroa an officer, working alone, stopped a vehicle containing two passengers as well as the driver. The reason for the stop was that the vehicle lacked a current registration tag. The driver got out of the car to talk to the officer. The latter, being alone, felt it a disadvantage to have two persons in the car and one outside and asked the passengers to step out. While one of them was alighting, marijuana was seen in the front seat. Referring to the “certain antagonism” which is inevitable in a confrontation between an officer and one stopped for a simple traffic violation, and citing Terry v. Ohio (1968) 392 U.S. 1 [20 L.Ed.2d 889, 88 S.Ct. 1868], the court said that the request to the passengers “was the kind of flexible, graduated response which Terry permits” (268 Cal.App.2d, at p. 727), and upheld the seizure of the marijuana. Figueroa was cited by our Supreme Court in People v. Superior Court (Simon), supra, 7 Cal.3d, at page 207, with apparent approval.
The officer in Figueroa faced what the court called “an ‘inchoate and unparticularized suspicion’ ” (getting the phrase from Terry v. Ohio, supra, 392 U.S. at p. 27 [20 L.Ed.2d at p. 909]) “that it would be better for his personal safety if defendant and his passengers were closely grouped.” In our case the officer felt that it would be better for his personal safety, vis-á-vis the traffic, if he conversed with defendant on *Supp. 5 the sidewalk. On a parity of reasoning with Figueroa, we agree that this was a proper ground for asking defendant to leave the vehicle.
Other points raised by defendant do not require discussion.
The judgment is affirmed.
Pacht, J., and Ibáñez, J., concurred.

 A second reason stated by the officer was that, because of the missing license plates, defendant was a felony suspect. Contrary to the People’s argument this is an invalid reason, by itself, to suspect that a car is stolen. “The lack of a license plate does not alone constitute probable cause to believe the car stolen....” (People v. Superior Court (Simon) (1972) 7 Cal.3d 186, 196 [101 Cal.Rptr. 837, 496 P.2d 1205].) On the facts known to the officer at the time he ordered defendant from the car it was impermissible under California law to order defendant from the car simply because of the missing plates. Contrary to federal decisions such as Pennsylvania v. Mimms (1977) 434 U.S. 106 [54 L.Ed.2d 331, 98 S.Ct. 330], and its predecessors U.S. v. Robinson (1973) 414 U.S. 218 [38 L.Ed.2d 427, 94 S.Ct. 467] and Gustafson v. Florida (1973) 414 U.S. 260 [38 L.Ed.2d 456, 94 S.Ct. 488], California decisions “impose a higher standard of reasonableness under article I, section 13 of the California Constitution. . . .” (People v. Brisendine (1975) 13 Cal.3d 528, 552 [119 Cal.Rptr. 315, 531 P.2d 1099].)

 The controlled substance whose possession led to defendant’s conviction was phencyclidine, also known as “angel dust.” The parties have not enlightened us as to where this substance was located and we have not scoured the trial (as opposed to suppression hearing) transcript to determine where it was discovered. The defense theory is that if the officer had not ordered defendant out of the vehicle none of the steps which led to his arrest and ultimate conviction would have occurred, and we treat the case on that basis.